IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORNELL HESTER,<br><br>    Plaintiff<br><br>    v.<br><br>D. GIBSON and NEW JERSEY DEPARTMENT OF CORRECTIONS,<br><br>    Defendants | Civ. No. 23-4086 (RMB-SAK)<br><br>**MEMORANDUM OPINION** |

    Plaintiff Cornell Hester, a prisoner presently confined in South Woods State Prison in Bridgeton, New Jersey, submitted a civil rights complaint to the Court (Dkt. No. 1) on July 31, 2023. On September 11, 2023, Plaintiff filed an amended complaint. (Dkt. No. 7.) This Court administratively terminated the action because Plaintiff failed to pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP application") under 28 U.S.C. § 1915(a). (Dkt. No. 10.) On December 14, 2023, Plaintiff submitted an IFP application, which establishes his financial eligibility to proceed without prepayment of the filing fee, and it will be granted. (Dkt. No. 11.)

    This Court has screened the amended complaint for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), and has determined that the complaint may proceed on Plaintiff's Eighth Amendment claim of failure to protect against Defendant D. Gibson at Bayside State Prison. The Court will dismiss the remaining § 1983 claims against the New Jersey Department of Corrections because it is a state agency immune from liability under the

1

Eleventh Amendment. *Fox v. Bayside State Prison*, 726 F. App'x 865, 868 (3d Cir. 2018).

Plaintiff filed several motions, which were terminated when this case was closed for failure to pay the filing fee or submit an IFP application. Plaintiff filed a motion to appoint pro bono counsel under 28 U.S.C. § 1915(e)(1). (Dkt. No. 4.) In support of this motion, Plaintiff alleges he is indigent and unable to undertake discovery without an attorney's assistance. (*Id.*) At this pre-discovery stage of proceedings, Plaintiff has demonstrated adequate ability to represent himself pro bono, and this Court will deny Plaintiff's motion to appoint counsel without prejudice. *See Tabron v. Grace*, 6 F.3d 147, 153-54 (1993) (stating that there is no right to counsel in a civil action, but a district court may request a volunteer attorney to serve as pro bono counsel). Plaintiff may file a renewed motion to appoint pro bono counsel, if appropriate, at a later stage of proceedings.

Plaintiff's motion to supplement the complaint (Dkt. No. 6) was rendered moot when Plaintiff subsequently filed an amended complaint. Plaintiff's motion to suppress evidence (Dkt. No. 5), and his motion to admit exhibits into evidence (Dkt. No. 8) are denied without prejudice as premature. At the pleading stage, a plaintiff need not submit evidence and is only required to present a short and plain statement of the claim "showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a).

An appropriate Order follows.

**Date:** <u>January 3, 2024</u>

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**
