*NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| CORNELL HESTER, | Civ. No. 23-4086 (RMB-SAK) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| D. GIBSON, | |
| Defendant. | |

**IT APPEARING THAT:**

1.  On or about July 31, 2023, Plaintiff filed a pro se prisoner civil rights complaint, and he filed an amended complaint on September 11, 2023.  (Dkt. Nos. 1, 7.)

2. This Court administratively terminated this case on November 27, 2023, because Plaintiff failed to pay the filing fee or submit a properly completed application to proceed without prepayment of the filing fee ("IFP application") under 28 U.S.C. § 1915(a).  (Dkt. No. 10.)

3.  On January 4, 2024, this Court reopened this matter and granted Plaintiff's IFP application.  (Dkt. No. 12.)  Upon screening Plaintiff's amended complaint for *sua sponte* dismissal for failure to state a claim under § 1915(e)(2)(B), this Court permitted

Plaintiff's Eighth Amendment failure to protect claim against Defendant D. Gibson at Bayside State Prison to proceed, and terminated the claims under 42 U.S.C. § 1983 against New Jersey Department of Corrections, based on immunity. (*Id.*)

4.  Summons was issued to Defendant D. Gibson.  The United States Marshal Service filed a process receipt and return, indicating service of the amended complaint on D. Gibson through an Executive Assistant at Bayside State Prison on February 12, 2024. (Dkt. Nos. 15, 16.)

5.  On March 25, 2024, Plaintiff filed a motion for summary judgment, presently before the Court. (Dkt. No. 17.)

6.  In his motion for summary judgment, Plaintiff seeks judgment against Defendant D. Gibson, whom Plaintiff alleges failed to file a timely answer to Plaintiff's amended complaint, due on March 4, 2024.  District of New Jersey Local Civil Rule 56.1 provides that "a motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed."  The statement must "set[] forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion.

7.  Plaintiff did not submit the required statement of materials facts not in dispute, and his motion for summary judgment will be dismissed without prejudice.

8.  It appears that Plaintiff may have confused a motion for summary judgment under Federal Rule of Civil Procedure 56 with a motion for default judgment under Federal Rule of Civil Procedure 55.  As a prerequisite to obtaining a default judgment

from the Court under Rule 55(b), a plaintiff must first obtain entry of default by the Clerk of Court in conformance with Rule 55(a). *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008). Plaintiff did not do so here. Therefore, the Court will not construe Plaintiff's motion for summary judgment as a motion for default judgment.

An appropriate order follows.

Dated: **September 11, 2024**

Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge