**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CORNELL HESTER,<br><br>*Plaintiff,*<br><br>v.<br><br>OFFICER DENNIS GIBSON,<br><br>*Defendant.* | Civil Action No. 1:23-cv-4086 (RMB-SAK)<br><br>**MEMORANDUM OPINION** |

**BUMB,** Chief District Judge.

**IT APPEARING THAT:**

1. On February 23, 2026, Defendant Dennis Gibson ("Defendant") filed a motion for summary judgment. (ECF No. 63.) On May 8, 2026, Defendant filed a motion to seal, pursuant to Local Civil Rule 5.3(c), certain exhibits and redacted portions of the papers filed in connection with that motion. (ECF No. 71.) Plaintiff Cornell Hester ("Plaintiff"), through counsel, does not object.

2. Defendant seeks to seal the following:

   a. Exhibit A (ECF No. 64), the New Jersey Department of Corrections ("DOC") Special Investigations Division ("SID") report on the January 10, 2022 incident giving rise to this action (the "Incident");

   b. Exhibit B (ECF No. 64), excerpts of the SID Summary Report on the Incident;

   c. Exhibit F (ECF No. 64), excerpts of Plaintiff's prison medical records;

d. Exhibits L, M, N, O, P, Q, R, and S, surveillance video recorded within the secured perimeter of Bayside State Prison on January 10, 2022;

e. Exhibits T, U, V, W, and X, videos of witness interviews conducted by SID in its investigation of the Incident; and

f. Redacted portions of Defendant's Brief (ECF No. 64), Statement of Material Facts ("SOMF") (ECF No. 63-3), and Response to Plaintiff's Statement of Disputed Material Facts ("SDMF") (ECF No. 70-4), which reference Plaintiff's medical records.

3. These materials fall into three categories: (a) Plaintiff's confidential medical information (Exhibit F and the redacted portions of the Brief, SOMF, and SDMF); (b) SID records (Exhibits A, B, T, U, V, W, and X); and (c) DOC surveillance footage (Exhibits L through S).

4. Although there is a common law public right of access to judicial records in civil cases, that right is not absolute, and the presumption of access is rebuttable. *In re Cendant Corp.*, 260 F.3d 183, 192–94 (3d Cir. 2001). The party seeking to seal bears the burden of showing that "the material is the kind of information that courts will protect." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). A court may deny access to judicial records that might "become a vehicle for improper purposes." *Cendant*, 260 F.3d at 194.

5. Under Local Civil Rule 5.3(c), the movant must show (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest

warranting the relief sought; (c) the clearly defined and serious injury that would result if the relief were denied; and (d) why a less restrictive alternative is not available. L. Civ. R. 5.3(c)(3).

6. Defendant has made that showing as to each category.

7. *Medical Information.* Public disclosure of Plaintiff's medical records would expose highly confidential personal information and undermine his privacy interest. No less restrictive alternative exists because Exhibit F and the redacted references in the Brief, SOMF, and SDMF are already limited to the information Defendant needs to defend this action.

8. *SID Records.* Public disclosure of the SID records would reveal sensitive security information about the internal operations and security procedures of DOC facilities, emergency response protocols, and SID's investigative techniques. The SID report also references Plaintiff's sensitive medical information. Redaction is not a workable alternative because Defendant needs the full SID records and recorded interviews to mount his defense.

9. *Surveillance Footage.* Public disclosure of the footage would reveal security camera placement and fields of view, staffing patterns, the structural layout of DOC facilities, and security measures for secured areas. Redaction is not a workable alternative because Defendant needs the entirety of the footage to mount his defense.

10. No prior order has sealed these materials.

**IT IS, therefore, on this 30th day of September, 2026,**

**ORDERED** that Defendant's Motion to Seal (ECF No. 71) is **GRANTED**; and it is further

**ORDERED** that Exhibits A, B, and F (ECF No. 64); Exhibits L, M, N, O, P, Q, R, S, T, U, V, W, and X; and the redacted portions of Defendant's Brief (ECF No. 64), Statement of Material Facts (ECF No. 63-3), and Response to Plaintiff's Statement of Disputed Material Facts (ECF No. 70-4) shall remain under seal.

Dated: **September 30, 2026**

*s/ Renée Marie Bumb*
**Renée Marie Bumb**
**Chief United States District Judge**